**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT LOUISVILLE**

**ROBERTA GREEN, et al.**                                                                                                **PLAINTIFFS**

**v.**                                                                         **CIVIL ACTION NO.   3:08-CV-42-TBR**

**GENERAL ELECTRIC CAPITAL SERVICES, INC., et al.**                                    **DEFENDANTS**

## ORDER FOR SETTLEMENT CONFERENCE

This matter has been referred to the Magistrate Judge by Order of the District Court for the purpose of conducting a settlement conference.

**IT IS HEREBY ORDERED** that this action is scheduled for settlement negotiations commencing at **9:30 a.m., Eastern Time, on Wednesday, December 16, 2009**, in Chambers, Room 200, Gene Snyder U.S. Courthouse, Sixth and Broadway, Louisville, Kentucky.  Counsel are directed to confer with their clients in advance of the conference to explore the party's settlement position, and the parties are encouraged to exchange settlement proposals prior to the conference.  These steps will enable the conference to progress more expeditiously.

**COUNSEL ARE DIRECTED TO REVIEW THE ENTIRETY OF THIS SETTLEMENT CONFERENCE ORDER AND ADDENDUM IN DETAIL.**

Each party shall submit a confidential settlement statement to the Magistrate Judge by mail (Chambers of Dave Whalin, U.S. Magistrate Judge, 200 Gene Snyder U.S. Courthouse, 601 Broadway, Louisville, KY 40202)  for receipt by the Magistrate Judge at least seven (7) court days prior to the conference.  The settlement statement shall contain a specific recitation of the facts, **a discussion of the strengths and weaknesses of the case**, the parties' position on settlement, including a present settlement proposal, and a report on settlement efforts to date.  **If not already part of the court file**, copies of any critical agreements, business records, photographs or other documents or exhibits shall be attached to the settlement statement.  The settlement statement should not be lengthy, but should contain enough information to be useful to the magistrate judge in analyzing the factual and legal issues in the

case. The parties are directed to be **candid** in their statements. The settlement statement shall not become a part of the file of the case, but shall be for the exclusive use of the magistrate judge in preparing for and conducting the settlement. The settlement statement **shall not** be filed with the clerk, and copies of the settlement statement **shall not** be provided to the other parties in the case. Failure of any party to timely submit their conference statement may result in the mediation being rescheduled, with the party responsible to bear all associated costs.

At the conference, counsel who will actually try the case and each party, armed with full settlement discretion, shall be present. If a corporation or other collective entity is a party, a duly authorized officer or managing agent of that party shall be present. This means that each party must attend through a person who is fully authorized to approve a settlement and has the power to change the party's settlement posture during the course of the conference. If the party representative has a limit, or "cap" on his or her authority which would require telephone consultation with corporate offices, this requirement is not satisfied. **COMPLIANCE WITH THIS PROVISION IS CRITICAL.**

The attached addendum is incorporated into and made a part of this order. **DO NOT FAIL TO REVIEW THIS ADDENDUM**. Failure to comply with any provision of this order, including the addendum, may lead to the award of sanctions, including but not limited to an award of costs, attorneys' fees and travel expenses.

October 30, 2009

*[signature]*
Dave Whalin, Magistrate Judge
United States District Court

Copies to Counsel of Record

**ADDENDUM TO SETTLEMENT CONFERENCE ORDER**

1. <u>Who must come</u>? The most frequent problem in a settlement conference is the failure of a party to attend through a principal. To be perfectly plain: <u>do not fail to bring a fully authorized client representative to the settlement conference</u>. No lawyer, no matter how knowledgeable about the case and skillful in negotiation, is a substitute for a live client. Having the client available by telephone is <u>not acceptable</u>. The client must be personally present in the settlement conference.

The next most frequently asked question is when a representative is fully authorized. Please refer to the text of the settlement conference order, which is quite explicit. Principals with caps on their authority who must "call the home office" to authorize acceptance of an offer are not acceptable. The point of the settlement conference is to have the final decision-making representatives personally participate in the settlement conference and hear the presentations of the opposite side. Having an inadequately authorized principal defeats one of the essential purposes of the settlement conference.

If you believe your case presents an exceptional circumstance which would justify a variance from these rules, you must contact the Magistrate Judge's office no later than the date that your settlement statement is due to request a waiver. Waivers are granted only by the Magistrate Judge and only on a showing of specific facts constituting exceptional circumstances.

2. <u>Schedule Questions</u>. Counsel should allow a minimum of 4 hours for the settlement conference. It is possible that the Magistrate Judge may be interrupted with a short criminal hearing, but the settlement conference will continue throughout the day until concluded. Requests to reschedule a previously scheduled settlement conference must be made by written motion filed with the Court as soon as counsel becomes aware of any circumstance that in counsel's professional judgment would justify the Court rescheduling the conference. In no event shall such a written motion be filed later than ten (10) days prior to the originally scheduled date, except in those rare instances that involve an unanticipated

emergency that makes attendance on the originally scheduled date impossible. In such extraordinary situations, the affected counsel shall arrange with opposing counsel to jointly contact Karen Brand immediately by telephone at (502) 625-3830 to request a new date. The Magistrate Judge reserves sole discretion to determine whether circumstances justify rescheduling a previously chosen date. Dates for settlement conferences are ordinarily chosen with the participation and agreement of counsel. Requests to change previously agreed upon dates should therefore be rare.

   3. <u>Damage Calculations</u>. It is the Magistrate Judge's experience that parties appear frequently at settlement conferences fully prepared to argue liability with passion but without any detailed analysis of damages. This is not productive to the settlement conference process. Accordingly, all parties are directed to be prepared to present in detail, and with reference to supporting documents if so ordered, a thorough analysis of the potential categories and amounts of damages which might reasonably be awarded at trial if plaintiff prevails in whole or in part. This provision applies to defendants with equal force.